1  CLYDE & CO US LLP
   Alexander E. Potente, State Bar No. 208240
2  Email: alex.potente@clydeco.us
   Hyunki ("John") Jung
3  Email: john.jung@clydeco.us
   101 2nd Street, 24th Floor
4  San Francisco, California 94105
   Telephone:  415.365.9800
5  Facsimile:   415.365.9801

6  Attorneys for Plaintiff
   THE TRAVELERS INDEMNITY COMPANY

7

8                  UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10                     SACRAMENTO DIVISION

11

12

13  THE TRAVELERS INDEMNITY          CASE NO.
    COMPANY, a Connecticut
14  corporation                      **COMPLAINT FOR
                                     DECLARATORY JUDGMENT**
15               Plaintiff,
                                     **DEMAND FOR JURY TRIAL**
16       v.

17  CALIFORNIA DEPARTMENT OF
    TOXIC SUBSTANCES CONTROL;
18  TOXIC SUBSTANCES CONTROL
    ACCOUNT; and COLLINS &
19  AIKMAN PRODUCTS, LLC, a
    cancelled Delaware limited liability
20  company,

21

22               Defendants.

23

24       NOW COMES plaintiff The Travelers Indemnity Company ("Travelers")

25  and, for its complaint against defendants the California Department of Toxic

26  Substances Control and the Toxic Substances Control Account, and defendant

27  Collins & Aikman Products, LLC (the "Complaint"), alleges as follows:

28

                                    1                      Case No.
                    COMPLAINT FOR DECLARATORY RELIEF
                       AND DEMAND FOR JURY TRIAL

## JURISDICTION AND VENUE

1.    Travelers brings this declaratory action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

2.    Jurisdiction of this action is founded upon 28 U.S.C. § 1332(a)(1), with subject matter jurisdiction existing by virtue of diversity of citizenship, as the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3.    Venue is proper in the Sacramento Division of the Eastern District of California pursuant to 28 U.S.C. §§ 1391(a)-(c) in that defendants are subject to personal jurisdiction in this district at the time the action is commenced and a substantial part of the events or omissions giving rise to the claim occurred in this district, including without limitation the underlying action instituted by the defendant California Department of Toxic Substances Control under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), styled *California Department of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al.*, U.S. District Court for the Eastern District of California Case No. 2:14-cv-00595 ("*DTSC* Action"), for the recovery of response costs and interest on such response costs that were allegedly incurred in connection with releases and threatened hazardous releases at, beneath, or from the 7.5 acre property located northwest of the intersection of A Street and Holdener Road in the community of Elmira, Solano County, California, with the street address of 147 A Street, Elmira California 95625 (hereinafter the "Site"), which action is further discussed below.

## PARTIES

4.    Plaintiff The Travelers Indemnity Company is a corporation organized and incorporated under the laws of Connecticut with its principal place of business in Hartford, Connecticut.  For diversity purposes, The Travelers Indemnity Company is a citizen of Connecticut.

COMPLAINT FOR DECLARATORY JUDGMENT
AND DEMAND FOR JURY TRIAL

5.     Defendant California Department of Toxic Substances Control is a public agency of the State of California, organized and existing under California Health and Safety Code section 58000 *et seq.*  California Department of Toxic Substances Control is responsible under California law for, among other things, determining whether there has been a release or threatened release of a hazardous substance into the environment.

6.     Defendant Toxic Substances Control Account is an account within the State of California General Fund.  California Health and Safety Code section 25173.6 establishes the account, and the director of the California Department of Toxic Substances Control administers it.  Under California Health and Safety Code section 25361(a), the account shall be a party in any action for recovery of response costs or expenditures incurred from the account under Chapter 6.8 of Division 20 of the California Health and Safety Code.

7.     For purposes of this Complaint, Travelers refers to the California Department of Toxic Substances Control and Toxic Substances Control Account collectively as "DTSC."  The Toxic Substances Control Account is a passive actor in the conduct ascribed to DTSC in this Complaint.

8.     Defendant Collins & Aikman Products, LLC ("C&A Products, LLC") is a cancelled Delaware limited liability company.  In the underlying *DTSC* Action, DTSC has alleged that C&A Products, LLC was formed on or about December 6, 2007 as a conversion of the Delaware corporation Collins & Aikman Products Co. DTSC further alleges in the *DTSC* Action that C&A Products, LLC is the successor to Collins & Aikman Products Co., which was formerly known as The Wickes Corporation ("Wickes").

9.     C&A Products, LLC is a cancelled Delaware limited liability company. On November 13, 2014, DTSC petitioned the Delaware Court of Chancery for appointment of a Receiver for the C&A Products, LLC ("Receiver") under 6 Delaware Code § 18-805 ("DTSC Petition").  On December 8, 2014, Delaware

1   Court of Chancery appointed Brian Rostocki, the Receiver for C&A Products, LLC,

2   "for the limited purpose of allowing Collins & Aikman Products, LLC to be sued [in

3   the *DTSC* Action], and with the power, but not the obligation, to defend, in the name

4   of Collins & Aikman Products, LLC, any claims made against it [in the *DTSC*

5   Action]." *See In re Collins & Aikman Prods., LLC*, No. 10348-CB, 2014 WL

6   6907689, at *1-2 (Del. Ch. Dec. 8, 2014). The order appointing the Receiver

7   provides, "The Receiver shall remain appointed until the conclusion of *DTSC v.*

8   *Dobbas* and any appeals thereof…,unless the Petitioner shows good cause for an

9   earlier termination of the appointment or an extension thereto."

10      10.  In DTSC's Petition, DTSC represented that it "will not seek enforcement

11   of the judgment directly against C&A Products, LLC, but only as a means to pursue

12   a direct action against the company's historic insurers." Travelers is informed and

13   believes based on representations by the Receiver and DTSC, that C&A Products,

14   LLC has no means to defend itself. As such, the real party in interest in the *DTSC*

15   Action is Travelers, not C&A Products, LLC, and the real defendant in interest in

16   this Complaint is DTSC, not C&A Products, LLC.

## PRELIMINARY ALLEGATIONS

### A.   TRAVELERS' INSURANCE POLICIES

19      11.  Travelers issued primary policy No. TRL-NSL-133T700-1-78 in effect for

20   the period May 1, 1978 to May 1, 1981, to Wickes, which was in effect after Wickes

21   obtained an interest in the Site. A true and correct copy of this policy is attached as

22   Exhibit A hereto.[1]

---

[1]   By letter dated June 7, 2018, DTSC tendered the *DTSC* Action to Travelers
with reference to three policy numbers: "11448" "11449" and "11501." It
appears the DTSC citation to these numbers refers to Travelers policies TRL-
NSL-133T700-1-77 and TR-NSL-133T699-3-80. Travelers attached the
policy in Exhibit A to this Complaint because only this Travelers primary
general liability policy issued to Wickes potentially provided coverage for

COMPLAINT FOR DECLARATORY JUDGMENT
AND DEMAND FOR JURY TRIAL

12.   Travelers also issued other general liability policies of insurance to Wickes and related entities, which are listed in and subject to the release contained in the June 26, 2000 Confidential Settlement Agreement and Release between Collins & Aikman Products Co. (the putative predecessor to C&A Products, LLC) and Travelers ("Confidential Settlement Agreement").  The term "Policies" in this Complaint refers to all of the policies issued by Travelers to Wickes and any related entities that DTSC alleges pertain to the Site, including the policy attached hereto as Exhibit A and those listed in the Confidential Settlement Agreement.[2]

---

claims arising out of the Site.  Any other general liability polices Travelers issued to Wickes which expired before September 1, 1979, when Wickes acquired the Site, would not be potentially responsive to any Wickes' (or its successor's) liability, if any.  Moreover, the policy attached in Exhibit A is a "Manuscript" policy that constituted the insuring relationship between Travelers and Wickes for the May 1, 1978 to May 1, 1981 time period. Other primary general liability policies issued concurrently with this Manuscript policy for the May 1, 1979 to May 1, 1981 time period are "Filing-Form" policies issued to satisfy state filing requirements and function as claim handling mechanisms.  The "Filing Form" policies do not provide separate or additional coverage from the Manuscript policy and further contain endorsements that prohibit application of multiple limits for the temporally co-extensive Manuscript and "Filing Form" policies.

[2]  The Confidential Settlement Agreement is confidential, and the Receiver for C&A Products, LLC claims not to have authority to waive that confidentiality.  Travelers has therefore not attached that agreement to this Complaint.  Travelers has previously made the agreement available to DTSC for review and will produce it formally in discovery under a protective order in this action so it can become part of the record and available to the Court.

COMPLAINT FOR DECLARATORY JUDGMENT
AND DEMAND FOR JURY TRIAL

**B.**     **COLLINS & AIKMAN PRODUCTS CO. 1997 ACTION AGAINST**
        **TRAVELERS**

13.   On or about October 3, 1997, Collins & Aikman Products Co. filed a complaint for breach of contract and declaratory relief against Travelers in the lawsuit captioned *Collins & Aikman Products Co. v. The Travelers Indemnity Company*, United States District Court for the Northern District of California Case No. C 97-3639 MEJ ("1997 Action").  Collins & Aikman Products Co. alleged that the insureds under certain of the Policies issued by Travelers had incurred losses exceeding $5,000,000 and that those losses were covered under such Policies.  The losses arose in connection with DTSC's assertion that the insureds were liable for the cost of investigating and remediating alleged environmental conditions relating to or arising from the Site.

14.   Travelers and Collins & Aikman Products Co. ultimately settled the 1997 Action and entered into the Confidential Settlement Agreement, whereby a confidential settlement amount was paid by Travelers in exchange for a release, which includes the claims asserted by DTSC arising out of the Site.

15.   As part of the settlement, Collins & Aikman Products Co. dismissed the 1997 Action against Travelers with prejudice on or about July 10, 2000.

**C.**     **THE UNDERLYING *DTSC* ACTION**

16.   By this Complaint Travelers seeks to resolve issues and disputes over the Confidential Settlement Agreement and insurance coverage, if any, under the Policies for any judgment that may be entered in favor of DTSC and against C&A Products, LLC in the *DTSC* Action.

17.   The initial complaint in the *DTSC* Action was filed by DTSC on March 3, 2014, pursuant to CERCLA, 42, U.S.C. § 9601, *et seq*. against parties other than C&A Products, LLC.  In the *DTSC* Action, DTSC sought the recovery of response costs incurred or that would be incurred in responding to alleged releases or threatened releases at the Site, and a declaration that defendants were jointly and

1  severally liable for future response costs to be incurred by DTSC with respect to the

2  Site.

3      18.   On or about November 13, 2014, DTSC filed the DTSC Petition for the

4  appointment of the Receiver for C&A Products, LLC, a Delaware limited liability

5  company for which a Certificate of Cancellation was filed on or about August 29,

6  2013, in the Chancery Court of Delaware.  DTSC claims that C&A Products, LLC is

7  the successor to Collins & Aikman Products Co. and Wickes.  A copy of the petition

8  is attached hereto as Exhibit B.  DTSC petitioned for appointment of the Receiver to

9  allow DTSC to add C&A Products, LLC as an additional defendant in the *DTSC*

10 Action.  DTSC sought to add C&A Products, LLC in order to pursue historic

11 insurance coverage for DTSC's alleged costs of cleaning up the Site.  In its petition,

12 DTSC writes that it seeks to recover against C&A Products, LLC's insurers and not

13 against C&A Products, LLC:

14         DTSC wants to add C&A Products LLC as a defendant in *DTSC v.*

15         *Dobbas* as the first step in pursuing historic insurance coverage of

16         C&A Products LLC for DTSC's costs of cleaning up a contaminated

17         property in California. Under California law, a judgment against C&A

18         Products LLC is necessary before DTSC can pursue a direct action

19         against the company's historic insurers. DTSC seeks to add C&A

20         Products LLC as a defendant in *DTSC v. Dobbas* to obtain such a

21         judgment, which in turn would allow a direct action against the

22         company's historic insurers. **DTSC will not seek enforcement of the**

23         **judgment directly against C&A Products LLC, but only as a**

24         **means to pursue a direct action against the company's historic**

25         **insurers**. To ensure that C&A Products LLC has the capacity to be

26         sued in *DTSC v. Dobbas*, DTSC requests that a receiver be appointed

27         for the company under 6 Del. C. § 18-805. (Emphasis Added).

28 DTSC's Verified Petition for the Appointment of a Receiver for a Cancelled

4700856                                    7                              Case No.

COMPLAINT FOR DECLARATORY JUDGMENT
AND DEMAND FOR JURY TRIAL

1   Limited Liability Company, *In RE: Collins & Aikman Products, LLC*, Case No.

2   10348, at ¶ 3 attached hereto as Exhibit B.

3        19.   In the First Amended Complaint filed in the *DTSC* Action on or about

4   December 11, 2014, DTSC added C&A Products, LLC to the action and asserted a

5   claim against C&A Products, LLC and other defendants "under section 107(a) of

6   CERCLA, 42 U.S.C. section 9607(a), for the recovery of response costs and interest

7   on such response costs that [were] incurred in connection with releases and

8   threatened releases of hazardous substances, including arsenic, chromium, and

9   copper, at, beneath, and/or from the [Site]."  First Am. Compl. in *DTSC* Action,

10  ECF No. 77, ¶ 4.  A true and correct copy of the First Amended Complaint filed in

11  the *DTSC* Action is attached hereto as Exhibit C.  DTSC alleged that on or about

12  September 12, 1979, Wickes purchased the Site and conducted business operations

13  at the Site until approximately 1982.  First Am. Compl. in *DTSC* Action, ECF No.

14  77, ¶ 16.  Wickes and Collins & Aikman Products Co. are alleged to have continued

15  to own the Site until on or about March 20, 1997.  *Id.*  DTSC acknowledged that

16  Wickes and Collins & Aikman Products Co. had been addressing the environmental

17  condition at the Site for many years:

18        From the 1980's through 2005, Wickes and its successor Collins &

19        Aikman Products Co. took various [response] actions under oversight

20        of the Department and its predecessor agency to address environmental

21        contamination at, around, and/or beneath the Site. Those actions

22        included, among other things, soil excavation, installing an asphalt cap

23        over contaminated soils, constructing a building and a drainage system

24        over another contaminated area of the Site, installing and operating a

25        groundwater extraction and treatment system, and groundwater

26        monitoring.

27  First Am. Compl. in *DTSC* Action, ECF No. 77, ¶ 20.  Travelers did not receive

28  notice of this First Amended Complaint until June 2018.

1    20.   DTSC further alleged that, in approximately May of 2005, Collins &

2  Aikman Products Co. filed a Chapter 11 petition in the United States Bankruptcy

3  Court for the Eastern District of Michigan, Case No. 05-55932, and that, in July or

4  August 2005, Collins & Aikman Products Co. stopped operating the ground water

5  extraction and treatment system, and stopped taking other response actions to

6  address contamination at the Site.  First Am. Compl. in *DTSC* Action, ECF No. 77,

7  ¶¶ 23-24.

8    21.   The First Amended Complaint in the *DTSC* Action also alleges that from

9  November 2005 to the present, DTSC took response actions related to the release or

10  threatened release of hazardous substances at the Site and that each of the

11  defendants, including C&A Products, LLC, as successor to Wickes and Collins &

12  Aikman Products Co. was jointly and severally liable for DTSC's costs.  First Am.

13  Compl. in *DTSC* Action, ECF No. 77, ¶ 33.

14    22.   On or about March 26, 2015, the default of C&A Products, LLC was

15  entered in the *DTSC* Action for failing to appear, plead, or answer DTSC's

16  complaint within the time allowed by law.  Clerks Certificate of Entry of Default in

17  *DTSC* Action, ECF No. 129, attached hereto as Exhibit D.  Travelers did not receive

18  notice of this default until over three years later.

19    23.   By letter dated June 7, 2018, which DTSC served on Travelers on June 11,

20  2018, the California Attorney General's Office representing DTSC advised

21  Travelers that DTSC had secured a "judgment" against C&A Products, LLC, which,

22  again, DTSC claims is the successor to Collins & Aikman Products Co., for

23  response costs incurred at the Site, estimated to exceed $3,400,000, and that DTSC

24  may bring an action against Travelers under certain of the Policies issued to Wickes

25  by Travelers to recover on that judgment, subject to the Policies' terms and

26  limitations.

27    24.   As of June 7, 2018, no judgment had been entered against C&A Products,

28  LLC in the *DTSC* Action.

25.   On July 25, 2018, Travelers responded to DTSC, advising it of the Confidential Settlement Agreement between Travelers and its insureds, including Wickes and Collins & Aikman Products Co., and that DTSC would have no greater rights under the Policies than the insureds who had released Travelers from the very claims that DTSC is pursuing.  Travelers provided a redacted copy of the Confidential Settlement Agreement to DTSC subject to confidentiality requirements regarding that agreement.   Travelers sought the consent of the Receiver for C&A Products, LLC to disclose the Confidential Settlement Agreement to DTSC, and the Receiver did not object to the release of the redacted Confidential Settlement Agreement to DTSC.  On January 3, 2019, DTSC wrote Travelers that it was not party to the settlement agreement and that it was not bound by the releases that were provided to Travelers regarding the Site.  On January 15, 2019, Travelers responded that if and when DTSC became a judgment creditor of a successor to Collins &Aikman Products Co., DTSC would only have the rights of Travelers' insured. DTSC did not respond to Travelers' January 15, 2019 letter.

26.   On August 21, 2019, more than eight months after Travelers responded to DTSC's letter, DTSC filed an application for entry of default judgment against C&A Products, LLC in order to pursue a direct action against Travelers.  DTSC seeks to recover $3,219,449.85 under CERCLA asserting that it has spent public funds to clean-up and remove hazardous waste at the Site. *DTSC v. Dobbas*, Application for Default Judgment Against C&A Products, LLC, ECF No. 184, ¶ 5, attached hereto as Exhibit E.  Neither DTSC nor C&A Products, LLC provided Travelers with notice of DTSC's application for entry of default judgment against C&A Products, LLC.  Rather, Travelers only became aware of the notice by monitoring the docket of the *DTSC* Action.

## **FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT**

(No Obligation To Satisfy Judgment Against C&A Products, LLC By Virtue Of Release)

COMPLAINT FOR DECLARATORY JUDGMENT
AND DEMAND FOR JURY TRIAL

27.   Travelers incorporates herein by reference, as if fully restated, each of the allegations in the paragraphs above.

28.   An actual controversy has arisen and now exists between Travelers, on the one hand, and DTSC, on the other hand, concerning their respective rights and duties under the Policies related to costs allegedly incurred by DTSC in connection with the clean-up of the Site.

29.   Travelers contends it has no duty to satisfy any judgment rendered against C&A Products, LLC and in favor of DTSC in the underlying *DTSC* Action.  All of Travelers' obligations under the Policies with respect to DTSC's claims at the Site have been fully satisfied and discharged.  By executing the Confidential Settlement Agreement, Wickes and Collins & Aikman Products Co. (including what would be its alleged successor C&A Products, LLC) fully and forever released and discharged Travelers from all liabilities arising under or by virtue of the Policies or by virtue of any other obligation allegedly owed by Travelers for the claims at issue in the *DTSC* Action.

30.   DTSC contends that Travelers is obligated to satisfy some or all of any judgment for damages entered against C&A Products, LLC in the underlying *DTSC* Action under the Policies.  The remedy DTSC seeks would require Travelers to pay twice for the same property damage that Travelers had already paid pursuant to a settlement with its insured, in exchange for obtaining a release from its insured for that property damage. Such a result would be both unequitable and contrary to public policy favoring settlements of environmental claims.

31.   Travelers desires a judicial determination of its rights and duties under the Confidential Settlement Agreement, if any, with respect to any judgment that may be entered against C&A Products, LLC in the underlying *DTSC* Action.

32.   A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties as aforementioned.  This controversy is incapable of resolution without judicial

COMPLAINT FOR DECLARATORY JUDGMENT
AND DEMAND FOR JURY TRIAL

1   determination.

2       33.   Travelers has no plain, speedy and adequate remedy at law, and requests a

3   declaratory judgment, adjudging and declaring that Travelers has no duty to

4   indemnify or satisfy any judgment entered against C&A Products, LLC and in favor

5   of DTSC in the *DTSC* Action.

6       **SECOND CAUSE OF ACTION – DECLARATORY JUDGMENT**

7   (Alternatively, No Obligation To Indemnify Judgment Against C&A Products By

8   Virtue Of Terms, Conditions And Exclusions Of Policies)

9       34.   Travelers incorporates herein by reference, as if fully restated, each of the

10  allegations in the above paragraphs.

11      35.   An actual controversy has arisen and now exists between Travelers, on the

12  one hand, and DTSC, on the other hand, concerning their respective rights and

13  duties under the Policies related to costs allegedly incurred by DTSC in connection

14  with the clean-up of the Site.

15      36.   As an alternative to the First Cause of Action, in the event this Court

16  determines that the Confidential Settlement Agreement does not apply to DTSC's

17  claims, Travelers contends it has no duty to indemnify any judgment entered against

18  C&A Products, LLC and in favor of DTSC in the *DTSC* Action, for the independent

19  reason that the terms, conditions, limitations, and exclusions of the Policies preclude

20  coverage for the DTSC's claims in the *DTSC* Action, *including but not limited to* on

21  the basis that:  (i) the insuring agreement of the Policies has not been met; (ii) the

22  response costs DTSC seeks in this matter do not constitute "property damage" as

23  defined in the Policies; (iii) to the extent that property damage exists at the Site, it

24  was not caused by an "occurrence" as defined in the Policies; (iv) any Policies in

25  effect prior to Travelers' insured's ownership or operation of the Site are not

26  applicable as Travelers' insured had no interest in the Site prior to that time; (v) any

27  defense or indemnity costs incurred while no lawsuit was pending against Travelers'

28  insured are not recoverable; (vi) no coverage is available to the extent the pollution

4700856                                  12                        Case No.

COMPLAINT FOR DECLARATORY JUDGMENT
AND DEMAND FOR JURY TRIAL

exclusion contained in each of the Policies is applicable; (vii) no separate coverage or additional limits of liability are available when two or more Policies apply for the same injury, damage or loss; the maximum that will be available under all such Policies combined for such injury, damage or loss is the highest applicable limit of liability of any one of such Policies; (viii) coverage under the Policies is limited to Travelers' insureds; and (ix) coverage under the Policies is subject to the Policies' applicable and remaining limits of liability, if any.

37.   DTSC contends that Travelers is obligated to indemnify some or all of any judgment for damages that may be entered in the underlying *DTSC* Action under the Policies.

38.   A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties as aforementioned.  This controversy is incapable of resolution without judicial determination.

39.   Travelers has no plain, speedy and adequate remedy at law, and requests a declaratory judgment, adjudging, and declaring that Travelers has no duty to indemnify or satisfy any judgment entered against C&A Products, LLC and in favor of DTSC in the *DTSC* Action.

## **PRAYER FOR RELIEF**

WHEREFORE, Travelers prays for relief as follows:

1.   For judgment that, by reason of the terms and conditions of the Confidential Settlement Agreement, Wickes and Collins & Aikman Products Co. (and thus its putative successor C&A Products, LLC) have fully released and discharged Travelers from all liabilities at issue in the *DTSC* Action arising under or by virtue of the Policies and, as such, Travelers has no duty to satisfy any portion of the judgment against C&A Products, LLC and in favor of DTSC in the *DTSC* Action;

2.   For judgment that, in the alternative, by reason of the terms, conditions,

1 exclusions and limitations of the Policies, Travelers has no duty to satisfy any

2 portion of the judgment against C&A Products, LLC and in favor of DTSC in the

3 *DTSC* Action;

4     3. For costs incurred herein; and

5     4. For such other and further relief as the court deems just and proper.

6

7 DATED: September 18, 2019      CLYDE & CO US LLP

8

9        By: _____

10          Alexander E. Potente
         Hyunki (John) Jung

11          Attorneys for Plaintiff THE TRAVELERS
         INDEMNITY COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2        PLEASE TAKE NOTICE that Plaintiff Travelers hereby demands a trial by

3  jury.

4

5  DATED: September 18, 2019       CLYDE & CO US LLP

6

7                         By: _____

8                              Alexander E. Potente

                                  Hyunki (John) Jung

9                               Attorneys for Plaintiff THE TRAVELERS

10                             INDEMNITY COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28